**FLOOR SEAL TECHNOLOGY, INC.,**
Plaintiff-counter-defendant—
Appellant,

v.

**SINAK CORPORATION, a California** corporation, Defendant-counter-claimant—Appellee.

Nos. 04–55090, 04–55572.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 19, 2005.

Submission Deferred Oct. 21, 2005.

Resubmitted Nov. 1, 2005.

Decided Dec. 1, 2005.

**904**

Edward I. Silverman, Esq., Sandler, Lasry, Laube, Byer & Valdez, LLP, San Diego, CA, for Plaintiff–counter–defendant–Appellant.

Susan Grey, Esq., Dominion Law Group, San Jose, CA, Kevin T. Cauley, Schwartz Semerdjian Haile Ballard & Cauley, Stephen P. McDonald, Esq., San Diego, CA, for Defendant–counter–claimant–Appellee.

Before: KLEINFELD, TASHIMA and FISHER, Circuit Judges.

### MEMORANDUM *

Floor Seal Technology, Inc. appeals the district court's post-trial judgment on the pleadings in favor of Sinak Corporation in Floor Seal's diversity action seeking damages for breach of contract. Floor Seal also appeals the district court's denial of leave to amend, denial of equitable relief and refusal to retax costs. Because the parties are familiar with the facts, we do not recite them in detail. We affirm in part and reverse in part.

### I.

■ The district court correctly found that the provision of the settlement agreement Sinak was alleged to have breached contained "unlawful consideration" and was therefore void and unenforceable under California law. "Interfer-ence," as used in the agreement, refers to tortious conduct because that word is included in a series of torts and is the explicit expression of the parties' intent to avoid "wrongful activity." "Interference," in this context, unambiguously refers to illegal activity rather than activity that is improper, but not unlawful. Under Cal. Civ.Code §§ 1607, 1667, a promise to refrain from unlawful conduct is unlawful consideration. A contract that includes such a promise as consideration is illegal. *See Kallen v. Delug,* 157 Cal.App.3d 940, 203 Cal.Rptr. 879, 883–84 (1984).

■ The district court did not err in refusing to admit extrinsic evidence because the meaning of the term "interference" is unambiguous. The objective intent of the parties is clear from the agreement itself. *Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.,* 69 Cal.2d 33, 69 Cal.Rptr. 561, 565–66, 442 P.2d 641 (1968); *see also* Cal. Civ. Code § 1639.

Because no amendment to the complaint can cure the defect in the contract without altering the contract, no set of facts can be proven under an amendment to the pleadings that would constitute a valid and sufficient claim for breach of contract. The district court did not err in refusing Floor Seal leave to amend.

### II.

■ Floor Seal also argues that the district court erred in ruling, pursuant to Fed.R.Civ.P. 49(a), 51, that Floor Seal abandoned its state-law claims for equitable relief under Cal. Bus. & Prof.Code § 17200 et seq. Floor Seal contends that it never waived its prayer for equitable relief, and deliberately did not submit proposed jury instructions or interrogatories regarding its state-law claims, because it

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

relied on the court's representation and parties' assumption that the district court would determine the merit of Floor Seal's request for relief. We agree with Floor Seal that the district court erred in finding that Floor Seal abandoned its state-law claims, because Floor Seal would have had no reason to submit a jury instruction or interrogatory concerning a claim for equitable relief.

However, Floor Seal's argument is seriously diminished by the district court's Pre–Trial Order ("PTO"), which states that the case would be tried by jury and not bifurcated and lists the equitable issues of fact and law to be litigated at trial. [ER 164, 194–97] Under the PTO, the district court might have denied Floor Seal equitable relief in light of the jury's resolution of the factual issues germane to Floor Seal's state-law claims. If there was no valid contract capable of being breached, as the district court determined, and if no violation of the Lanham Act occurred, as the jury found, and if the facts Floor Seal adduced at trial to prove its state-law claims were the same as those it propounded under the Lanham Act, the district court might have found that Floor Seal failed to prove facts justifying equitable relief.

■ We cannot tell from the record before us whether the district court would have withheld equitable relief were it deciding Floor Seal's state-law claims in light of the facts proven at trial instead of improperly finding that Floor Seal abandoned those claims under Rules 49(a) and 51. Nor can we tell whether the district court relied on the PTO in holding that Floor Seal abandoned its equitable claims by failing to submit jury instructions or interrogatories, particularly when an equitable claim is tried to the court and not to the jury. Accordingly, we remand Floor Seal's equitable claims to the district court for reconsideration.

## III.

Finally, Floor Seal appeals the district court's order denying Floor Seal's motion to retax costs.

■ Under Fed.R.Civ.P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The district court found that the results of the litigation were "mixed to the extent that neither party was 'successful,' " but it awarded costs to Sinak under Rule 54(d)(1) because "[Sinak] successfully defended the trial." The court provided reasons sufficient to justify its conclusion that Sinak was the prevailing party under Rule 54(d)(1). However, because we do not know whether the district court, on remand, will grant Floor Seal equitable relief for its state-law claims, we also vacate its denial of Floor Seal's motion to retax costs and order the district court to reconsider that motion in light of its decision whether to grant Floor Seal equitable relief.

In No. 04–55090, the judgment of the district court is **AFFIRMED in part** and **REMANDED in part** for further proceedings consistent with this disposition.

In No. 04–55572, the order of the district court denying Floor Seal's motion to retax costs is **VACATED** and **REMANDED** for such further proceedings as may be necessary.

KLEINFELD, Circuit Judge, concurring in part and dissenting in part.

I concur in Parts 2 and 3 of the majority disposition but respectfully dissent from Part 1.

The consideration paragraph of the settlement agreement provides for both legal and illegal consideration. The illegal consideration is that each party shall refrain from tortious acts. But that provision can be severed under California Civil Code

§ 1599, leaving legal consideration. First, each party agreed to dismiss the action with prejudice. That is, by itself, good consideration because it confers a legal benefit that neither party owed the other before they entered into the settlement agreement. Second, each party agreed to "freely and fairly compete in an atmosphere which is to be undisturbed by any wrongful activity and each shall endeavor in good faith to prevent such acts from occurring." It is hard to make anything concrete of the "atmosphere" promise, but there is something concrete that goes beyond either party's legal duties in the "endeavor in good faith to prevent" wrongful activity promise. While parties have a legal duty to refrain from wrongful activity, and the promise to do so is not good consideration, a promise to take active measures to prevent wrongful activity is.

In accord with the above discussion, and the liberal allowance for amendments given by Federal Rule of Civil Procedure 15, Floor Seal should have been given an opportunity to amend its complaint.